UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. SPANN-EL, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO.: 3:22-CV-932-MGG |

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, filed a habeas corpus petition challenging two related disciplinary proceedings at Miami Correctional Facility (MCF 21-12-0066 and MCF 21-12-0067). (ECF 1.) For the reasons stated below, the petition is denied.

The two disciplinary cases stem from events occurring a few minutes apart on December 3, 2021, when Mr. Spann-El was being moved to a new cell. The charge in MCF 21-12-0066 ("the #66 case") was initiated by Sergeant Justin McCray, who stated as follows:

> On 12/3/2021 at approximately 7:45pm I, Sergeant McCray, Justin was working my post on phase two yard when Officer Torrow, Drew requested me to assist him in JHU. As myself and QRT staff arrived to JHU I noticed Offender Spann, Richard 178770 in mechanical restraints on the ground. I, Sergeant Justin McCray and Officer Justin Shoffner then started escorting Offender Spann, Richard 178770 to cell JHU-248 in which he was refusing to move into. Offender Spann, Richard 18770 then started wrapping his legs around mine and tried making me fall. Officer Shoffner, Justin and I then placed him on the ground to prevent injuries to us and Offender Spann, Richard 178770. I gave Offender Spann, Richard 178770 verbal orders to not trip me and walk to his cell. Officer Shoffner, Justin

> and I then placed Offender Spann, Richard 178770 back on his feet to continue escorting him back to his cell. Offender Spann, Richard 178770 then tried [w]rapping his legs around Officer Shoffner, Justin to try and make him fall. Officer Shoffner, Justin and I then placed Offender Spann, Richard 178770 back on the ground to gain compliance and prevent injuries to us and Offender Spann, Richard 178770. Officer Shoffner, Justin then addressed Offender Spann, Richard 178770 about trying to stop. We then placed Offender Spann, Richard 178770 in his new cell and removed the restraints off of him and secured his door.

(ECF 9-1 at 1.)

Mr. Spann-El was formally notified of the charge on December 21, 2021, and was given a copy of the conduct report. (ECF 9-1 at 2.) He pled not guilty and requested a lay advocate, and one was appointed for him. (*Id.* at 2, 3.) He requested no witnesses or physical evidence, but made a statement in his defense indicating that he refused to go to his new cell because the other inmate housed there, Devon Franklin, was allegedly transgender. (*Id.* at 2.) He stated that this was a "violation of religious rights" and that the cell assignment "seems to be a form of retaliation for numerous lawsuits against administration." (*Id.* at 2.)

The charge in MCF 21-12-0067 ("the #67 case") was initiated by Officer D. Torrow, who stated as follows:

> On 12/03/2021 at approximately 8:00 p.m. offender Spann, Richard DOC #178770 attacked Offender Franklin, Devin DOC #255156 after being placed in his assigned Cell, offender Spann threw at least 2 Closed Fist strikes and threw Offender Franklin against the cell door.

(ECF 9-2 at 1). Mr. Spann-El was formally notified that he was being charged with "battery on another offender" on December 21, 2021, and was given a copy of the conduct report. (ECF 9-2 at 2.) He pled not guilty and requested a lay advocate, and one

2

was appointed for him. (*Id*. at 2, 3.) He requested that inmate Franklin be called as a witness or give a statement answering the following question: "When Mr. Spann came into the room did he or did he not conspire with you to fake an assault to secure an immediate bed move?" (*Id*. at 2.) Inmate Franklin was contacted but he refused to give a statement or otherwise participate in the hearing. (*Id.* at 8.)

A hearing on both charges was initially scheduled for December 27, 2021, but was postponed after Mr. Spann-El requested inmate Franklin's medical records as additional evidence. (ECF 9-2 at 3–4.) The hearing officer reviewed the medical records in preparation for the hearing but declined to give them to Mr. Spann-El for confidentiality reasons. (*Id.* at 6; *see also* ECF 11.)

On January 28, 2021, the hearing officer held a hearing on both charges. (ECF 9-1 at 6; ECF 9-2 at 7.) As to the charge in the #66 case, fleeing/resisting staff, Mr. Spann-El made the following statement in his defense: "Due to the risk of harm that would come to the situation I threatened to harm him. I did not want to be put in that situation." (ECF 9-1 at 6.) Based on the conduct report and Mr. Spann-El's statement, the hearing officer found him guilty and imposed a sanction of 60 days lost earned credit time and a credit-class demotion. (ECF 9-1 at 6.)

As to the charge in the #67 case, Mr. Spann-El stated as follows in his defense: "The stage[d] assault was made to get a bed move. I didn't want to be in [a] cell with . . . a homosexual." (ECF 9-2 at 7.) After considering Mr. Spann-El's statement, the medical records, and the conduct report, the hearing officer concluded that Mr. Spann-El's actions more closely aligned with the offense of "interfering with staff," due to the fact

3

that there was no apparent injury to inmate Franklin.[1] (*Id.*) She found him guilty of this offense and imposed a sanction of 60 days lost earned credit time and a credit-class demotion. (ECF 9-2 at 7.)

When prisoners lose earned credit time in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Spann-El raises three claims in his petition challenging both the #66 and #67 case, which he articulates as follows: (1) "I was forced to be housed w/a Transgender inmate whom pursuant to Policy & federal cases I was not compatible with"; (2) "Pursuant to IDOC policies of classifications housing transgender persons I & Ms. Franklin are nowhere near compatible"; (3) "I was not even allowed to enter the day

---

[1] The medical records considered by the hearing officer have been submitted by the respondent under seal. (ECF 11.) To protect inmate Franklin's privacy, the court will grant the respondent's motion to maintain this evidence under seal. The court notes that there is nothing exculpatory within it, as the hearing officer already credited Mr. Spann-El's account that the fight was staged and that the victim did not suffer injuries.

room while the transgenders were showering---How then could I be housed with the opposite sex." (ECF 1 at 2-3.)

As a preliminary matter, the respondent argues that Mr. Spann-El is procedurally barred from challenging the guilty finding in the #67 case because he did not exhaust his available administrative remedies. (ECF 9 at 8.) Before a petitioner can obtain federal habeas relief, he must exhaust all available state administrative remedies, and the failure to do so constitutes a procedural default precluding habeas relief. 28 U.S.C. § 2254(b)(1)(A); *Markham v. Clark*, 978 F.2d 993, 995-96 (7th Cir. 1992). To exhaust an inmate must assert his claim at each and every available level of state review. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). The respondent has submitted evidence showing that Mr. Spann-El did not file either a first-level or second-level appeal in the #67 case. (ECF 9-7.) He has not responded to this argument or provided grounds to excuse his lack of exhaustion.[2] Failure to complete all available levels of state review means the claims are procedurally defaulted. *Lewis*, 390 F.3d at 1025.

Even if he had exhausted his claims, they fail on the merits as to both disciplinary cases. Mr. Spann-El's claims boil down to an argument that he was entitled to refuse orders, physically resist staff, and stage a fight with his cellmate because he did not think he should be housed with this inmate. However, inmates "cannot be permitted to decide which orders they will obey, and when they will obey them." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) (citation omitted). Thus, "self-defense" and

---

[2] Despite receiving an extension of time, Mr. Spann-El did not file a traverse in support of his petition.

5

"justification" are not recognized defenses in the prison disciplinary context. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Therefore, his argument that the disciplinary sanctions should be overturned because he was acting in self-defense or was otherwise justified in his actions is unavailing.

To the extent he is claiming that his constitutional rights were violated in connection with the cell assignment, that claim pertains to the conditions of his confinement and cannot be raised in this habeas proceeding. *See Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). Likewise, his claim that prison policies were violated in assigning him to the cell is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (errors of state law are not cognizable on federal habeas review); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (violation of state law or prison policy did not amount to a due process violation in prison disciplinary proceeding).

He may be indirectly challenging the sufficiency of the evidence. In a disciplinary proceeding, evidence will satisfy due process if it passes the "some evidence" test. *Hill*, 472 U.S. at 455. This "is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Circumstantial evidence can also be sufficient to satisfy the "some evidence" test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir.

1996). It is not the province of the federal court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. Rather, the only question is whether there is some evidence to support the hearing officer's determination. *Id.*

In the #66 case, Mr. Spann-El was found guilty of offense B-235, fleeing/resisting, defined as "[f]leeing or physically resisting a staff member while that staff member is in the performance of his/her duty." (ECF 9-3 at 8.) According to the conduct report, Mr. Spann-El refused to go to his cell and then became physically aggressive with the officers escorting him to his cell, wrapping his legs around two of the officers and trying to trip them. (ECF 9-1 at 1.) He did not deny the officers' account and instead explained that he acted as he did because he did not want to go to his new cell. (*Id.* at 6.) The evidence was sufficient to find him guilty. To the extent he asks the court to consider that he was justified in his actions because, in his view, he and inmate Franklin were not "compatible," this is effectively an invitation to reweigh the evidence, which the court is not permitted to do. *Webb*, 224 F.3d at 652. He has not established a due process violation.

In the #67 case, he was found guilty of offense B-252, interfering with staff, defined as "[i]nterfering with a staff member in the performance of his/her duties." (ECF 9-3 at 10.) According to the conduct report, immediately upon being placed in his new cell he punched his cellmate and pushed him up against the cell door. (ECF 9-2 at 1.) He did not deny his actions, but said he staged the fight so that the officers would have to move him to another cell immediately. (*Id.* at 7.) Whether the fight was real or staged, it is clear that he interfered with the ability of staff to effectuate the move to his

7

new cell assignment with inmate Franklin. Again, it is not the province of this court to reweigh the evidence or make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. The evidence was sufficient to support the guilty finding.

For these reasons, the court:

(1) GRANTS the respondent's motion to maintain evidence under seal (ECF 10);

(2) DENIES the petition (ECF 1); and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 16, 2023

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge